UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TKE ENTERPRISES, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )    Case No. 4:11CV1435 HEA |
| | ) |
| CRACK TEAM, U.S.A., INC. et al., | ) |
| | ) |
|     Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the following motions: (1) Defendants Braintree Brands, LLC and John R. McCarthy's Motion to Dismiss for Lack of Subject Matter Jurisdiction, [Doc. No. 60] and (2) Plaintiff's Motion to Dismiss Counterclaim, [Doc. No. 61]. For the reasons set forth below, the Motions are granted.

**Facts and Background**

This is an action for breach of franchising agreement, transfer in fraud of creditors, and civil conspiracy. Plaintiff claims that Defendant Kodner, as sole owner of CT USA and CT Licensing, sold Crack Team foundation repair system franchises throughout the United States. Plaintiff entered into a franchise agreement and a modification with CT USA for a substantial portion of the St.

Louis County territory. The Complaint further alleges that CT USA [the Court assumes Plaintiff intended to allege Plaintiff, rather than CT USA,] paid a Seven Hundred Thousand Dollar franchise fee to CT USA shortly after the execution of the franchise agreement and agreed to pay an ongoing royalty fee of six percent of TKE's monthly gross income. As a key element of the franchise, the franchisee was granted a territorially restricted license to use certain intellectual property owned by CT Licensing, which consisted of certain logos, names and mascots, collectively referred to as "Marks."

Plaintiff paid the royalty fee to CT USA's judgment creditors from December, 2007, and continued through the filing of this action.

Subsequently, Kodner sent correspondence to Plaintiff purporting to terminate the agreement, citing ongoing collection efforts of an unnamed judgment creditor of CT USA as the sole reason for the termination of the Agreement. The Termination Notice further stated that a new licensing agreement would be sent.

CT Licensing assigned all of its interest in the Marks to Braintree, which is owned by Defendant McCarthy. The Complaint alleges that the assignment was a breach of the agreement and a fraudulent transfer.

## Discussion

Defendants Braintree and McCarthy move to dismiss for lack of subject

matter jurisdiction. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).  A district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1). *Harris v. P.A.M. Transport, Inc.,* 339 F.3d 635, 637, n. 4 (8th Cir.2003). In such a challenge, this court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States,* 918 F .2d 724, 729 (8th Cir.1990).  No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims. *Id.* The party invoking federal jurisdiction bears the burden of affirmatively pleading and proving subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189 (1936). Accordingly, Plaintiff has the burden of proving that jurisdiction does in fact exist. *Osborn,* 918 F.2d at 730.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000.00 and where there is complete diversity of citizenship. 28 U.S.C. § 1332(a). Complete diversity of citizenship exists where no defendants are citizens of a state where any plaintiff is a citizen. *Capital Indemnity Corp. v. Russellville Steel Company, Inc.,* 367 F.3d 831, 835 (8th Cir.2004).  A corporation is a citizen

of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Determination of citizenship for the purpose of diversity is a mixed question of law and fact. *Altimore v. Mount Mercy College,* 420 F.3d 763, 768 (8th Cir.2005). Whether diversity of citizenship exists is determined at the time the suit is filed. *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570-71 (2004). The time of filing rule "measures all challenges to subject matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing." *Id.* at 571 (characterizing time-of-filing rule as hornbook law taught to first-year law students in any basic civil procedure course).

In certain cases, a jurisdictional defect can be cured by dismissal of a dispensable party that destroys jurisdiction. *Grupo Dataflux,* 541 U.S. at 571; *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 74 (1996) (both holding that dismissal of nondiverse defendant will cure initial jurisdictional defect). Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action on such terms as are just." Fed.R.Civ.P. 21. "It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain,* 490

U.S. 826, 832 (1989).

That is not to say, however, that the court can confer jurisdiction that was not present at the outset by permitting addition or substitution of a party. *See Aetna Cas. & Sur. Co. v. Hillman,* 796 F.2d 770, 776 (5th Cir.1986) (noting that "[j]urisdiction cannot be created retroactively by substituting a diverse claimant for a nondiverse party"). While a district court can "remedy inadequate jurisdictional allegations," it cannot remedy "defective jurisdictional facts." *Newman-Green,* 490 U.S. at 831, 832 n. 5; *Iron Cloud v. Sullivan,* 984 F.2d 241, 243-44 (8th Cir.1993); *see Whitmire v. Victus Ltd.,* 212 F.3d 885, 888 (5th Cir.2000); *State Farm Mutual Automobile Ins. Co. v. Narvaez,* 149 F.3d 1269, 1272 (10th Cir.1998) (rejecting attempts to add new claims to satisfy the amount in controversy necessary for diversity jurisdiction); *Mills v. State of Maine,* 118 F.3d 37, 53-54 (1st Cir.1997) (denying motion to add new parties to case to preserve a federal forum); 4 James Wm. Moore, et al, Moore's Federal Practice § 15.14 at 15-34 (3d ed. 1999) ("Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment.")

In the present case, there is no evidence that complete diversity was in fact present at the inception of this action. Defendants CT USA, CT Leasing and

Kodner are all citizens of Missouri, as is Plaintiff.

The record before the Court shows that there was no complete diversity among Plaintiff and all defendants at the inception of this action.  This Court accordingly had no subject matter jurisdiction over the action.  If a federal court lacks subject matter jurisdiction, it must dismiss the action. Fed.R.Civ.P. 12(h)(3).

Likewise, because the Court lacks jurisdiction, it would have no jurisdiction over Defendant's counterclaims.

## Conclusion

Based upon the foregoing analysis, the Court is without jurisdiction over this matter and it must therefore be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Braintree Brands, LLC and John R. McCarthy's Motion to Dismiss for Lack of Subject Matter Jurisdiction, [Doc.  No. 60], is granted

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Counterclaim, [Doc. No. 61], is granted.

Dated this 6th day of May, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE